J-A29030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN E. SIMPSON | : | |
| | : | |
| Appellant | : | No. 537 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 29, 2016,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0000936-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN E. SIMPSON | : | |
| | : | |
| Appellant | : | No. 538 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 29, 2016,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0000942-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN E. SIMPSON | : | |
| | : | |
| Appellant | : | No. 539 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 29, 2016,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0001643-2016.

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED MARCH 17, 2021**

John E. Simpson appeals from the judgments of sentence imposed at three dockets following the entry of two guilty pleas for robbery (threat of serious bodily injury), and one guilty plea to possession of a firearm prohibited.[1] Additionally, Simpson's appellate counsel has filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967) (hereinafter the "***Anders*** brief"). We grant counsel's petition, and affirm the judgments of sentence.

The trial court summarized the relevant factual and procedural history as follows:

> This matter originally came before the court pursuant to three criminal informations filed against [Simpson] by the District Attorney of Luzerne County. [Simpson] signed written plea agreements with the Commonwealth, and on January 11, 2016, he appeared before this court to formally enter guilty pleas to one count of . . .possession of a firearm prohibited (F2) (936 of 2015), and one count of . . . robbery [(]threat of serious bodily injury) (F1) (942 of 2015). Thereafter, [Simpson] signed a written plea agreement with the Commonwealth and appeared before the court on July 29, 2016, to formally enter a guilty plea to an additional count of . . . robbery [(]threat of serious bodily injury) (F1) (1643 of 2016).

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 6105(a)(1).

Following his guilty pleas, [Simpson] was sentenced on July 29, 2016. No post-sentence motions or direct appeal of [his] sentences were filed. [H]owever, [Simpson successfully] filed a timely petition pursuant to the Post[] Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, . . .[and] the court reinstated [his] right to appeal his July 29, 2016 sentences. . . .

[However], the Superior Court ultimately quashed the appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) because a single notice of appeal had been filed from a judgment of sentence filed at three docket numbers. . . ..

Thereafter, [Simpson] filed a *pro se* PCRA petition on November 27, 2019, and [appellate counsel] was appointed to represent him. Following a hearing, [Simpson's] direct appeal rights were restored yet again, and [counsel timely filed a separate notice of appeal at each docket, in compliance with **Walker**]. On April 21, 2020, however, counsel filed a statement of intent to submit an **Anders**/**Santiago** brief *in lieu* of a Rule 1925(b) statement, indicating that there were no non-frivolous issues to raise on appeal.

Trial Court Opinion, 7/10/20, at unnumbered 1-3 (footnotes and unnecessary capitalization omitted).

The trial court authored an opinion pursuant to Pa.R.A.P. 1925(a). Counsel filed a petition to withdraw from representation and an **Anders** brief. Simpson did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to

- 3 -

withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

- 4 -

Here, counsel has complied with each of the requirements of **Anders**. Counsel indicated that he conscientiously examined the record and determined that an appeal would be frivolous. Further, the **Anders** brief substantially comports with the requirements set forth by our Supreme Court in **Santiago**. Finally, the record includes a copy of the letter that counsel sent to Simpson stating counsel's intention to seek permission to withdraw, and advising Simpson of his immediate right to proceed *pro se* or retain alternate counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Simpson's appeal is wholly frivolous.

In the **Anders** Brief, counsel raises the following issues:

1. The [offense gravity score ("OGS")] for Mr. Simpson's robbery convictions should be 7 instead of 10.

2. The guilty pleas were not knowing, voluntary, and intelligent.

3. Lack of jurisdiction.

4. Mr. Simpson's sentences were illegal.

**Anders** Brief at i (unnecessary capitalization omitted).[2]

---

[2] We note with disapproval that the **Anders** brief does not contain a separate statement of questions involved on appeal. **See** Pa.R.A.P. 2111(a)(4), 2116. Thus, this list of errors was taken from the Table of Contents in the **Anders** brief.

The first issue raised in the **Anders** brief concerns the OGS applied to Simpson's convictions for sentencing purposes. A claim that the sentencing court used an incorrect OGS presents a challenge to the discretionary aspects of a sentence. **See Commonwealth v. Williams**, 151 A.3d 621, 625 (Pa. Super. 2016). When, as in the instant matter, a defendant has pleaded guilty to the charges in question, we must determine whether the pleas of guilt prevent him from challenging the discretionary aspects of his sentence.

Generally, a plea of guilt amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea. **See Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). However, under certain circumstances, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. **Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994). "The determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." **Id**. at 18. As this Court has explained:

> where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties. Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained.

*Commonwealth v. Brown*, 982 A.2d 1017, 1018-19 (Pa. Super. 2009) (citations omitted).

Here, the record reflects that Simpson entered into a plea agreement on each of his three cases. The prosecutor initially explained the terms of the plea agreements entered at cases 942 and 936 of 2015:

> There is a sentence agreement that's been worked out on these. On case 942 of '15, [Simpson] is pleading guilty to Count 1, robbery, OGS of 10, graded as a felony of the first degree, maximum penalty is 20 years or a $25,000 fine. If [Simpson] has a prior record score of five or a RFEL, then the agreement is to a 5-to 10-year aggregate sentence for both of these files. If [Simpson] has a prior record score of 4 or less, the Commonwealth is seeking a standard range sentence on the robbery and other charges can run concurrent to that. There's to be no contact with CVS Pharmacy. Restitution of $1,310.74. He's not to enter CVS and the contraband is to be destroyed at the end of the appeal period. If there are any other charges they're withdrawn and [Simpson is] to pay the cost of prosecution.
>
> The second case is 936 of '15 and [Simpson] would be pleading guilty to Count One, possession of a firearm prohibited, OGS of 9, it's a felony of the second degree with a maximum penalty of 10 years or $25,000 fine. The gun is to be destroyed at the end of the applicable appeal period. [Simpson] is to pay the cost of prosecution and any remaining charges are withdrawn.

N.T. (Guilty Plea), 1/11/16, at 2.

Based on our review, we conclude that the terms of the plea agreements at cases 942 and 936 of 2015 are sufficiently detailed that the trial court was divested of any meaningful sentencing discretion.[3] The plea agreements

_____

[3] While the agreements provide the trial court with the discretion to run the sentences for robbery and possession of a firearm prohibited either

provide for a sentence of specific duration, dependent only on Simpson's prior record score.  The plea agreements also mandate restitution and include a no-contact provision.  Further, the plea agreements provide that, in exchange for the guilty pleas, any remaining charges at both dockets are to be withdrawn.  Most importantly, for purposes of the instant appeals, the plea agreements provided the OGS applicable to the crimes in question.  As Simpson agreed to an OGS of 10, graded as a felony of the first degree, for the crime of robbery at case 942 of 2015, and to an OGS of 9, a felony of the second degree, for possession of a firearm prohibited at case 936 of 2015, he cannot challenge those aspects of his sentence.  ***See Dalberto***, 648 A.2d at 19 (where appellant and Commonwealth agreed to consecutive sentence for 2 of 8 charges, appellant was permitted to challenge the length of sentence, but not the consecutive nature of the charges).

At the sentencing hearing, the prosecutor also explained the terms of the plea agreement at case 1643 of 2016:

> On 1643 of 2016, [Simpson] is pleading guilty to count one, robbery.  It's graded as a felony of the first degree.  The maximum penalty is 20 years or a $25,000 fine.  There's no agreement as to sentence.  He's to pay the costs of prosecution.  Any remaining charges are withdrawn.  He's to have no contact with any victim or with the Dollar General store involved.  And there is restitution of $1,000 to Dollar General.

N.T. (Guilty Plea), 7/29/16, at 4.

---

consecutively or concurrently, the agreements nevertheless provide the total aggregate sentence.

Here, in connection with his third guilty plea, Simpson entered an open plea which did not specify any particular term of sentence or OGS. Although the plea agreement at case 1643 of 2016 did provide for restitution and the withdrawal of all remaining charges, Simpson would not be precluded from challenging penalties upon which the parties did not specifically agree. However, assuming that Simpson could challenge the OGS applied in case 1643 of 2016, our inquiry does not end here.

A challenge to the discretionary aspects of a sentence is regarded as a petition for permission to appeal, since the right to pursue such a claim is not absolute. *See Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence:

> we conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A.] § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

We initially observe that, despite the timely filing of a notice of appeal, the *Anders* brief is defective in that it does not contain a Pa.R.A.P. 2119(f)

statement.[4] However, even overlooking this deficiency, it does not appear that Simpson preserved his discretionary sentencing issue at sentencing or in a post-sentence motion. Consequently, Simpson failed to preserve his first issue for our review. *See Commonwealth v. Cox*, 231 A.3d 1011, 1016-17 (Pa. Super. 2020) (noting that the mere filing of an *Anders* brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal); *see also* Pa.R.A.P. 302(a) (providing the general rule that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

The second issue raised in the *Anders* brief concerns the validity of Simpson's guilty pleas and whether they were entered knowingly, voluntarily, and intelligently. A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013). Pennsylvania courts adhere to this waiver principle because it allows the court

---

[4] This Court may nevertheless overlook certain procedural deficiencies in appellate court filings to ensure that counsel has not overlooked non-frivolous issues. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (addressing appellant's discretionary sentencing claim despite counsel's failure to include a Pa.R.A.P. 2119(f) statement in his *Anders* brief).

which accepted the plea to consider and correct, in the first instance, any error which may have been committed. ***Id***.

Here, Simpson did not preserve his challenge to the validity of his guilty pleas during the plea colloquies, or in a timely motion to withdraw the pleas. Consequently, Simpson also failed to preserve this issue for our review. ***See Lincoln***, 72 A.3d at 609-10; ***see also*** Pa.R.A.P. 302(a).

The third issue raised in the ***Anders*** brief concerns the jurisdiction of the trial court. As noted above, the entry of a guilty plea does not preclude the defendant from later challenging the court's jurisdiction. ***See Reichle***, 589 A.2d at 1141. In addressing this issue, we adhere to the following principles:

> Subject matter jurisdiction speaks to the competency of a court to hear and adjudicate the type of controversy presented. Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review is plenary. Controversies stemming from violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. All jurists within that tier of the unified judicial system are competent to hear and resolve a matter arising out of the Crimes Code.

***Commonwealth v. Elia***, 83 A.3d 254, 265 (Pa. Super. 2013) (citations omitted).

Counsel concludes that a claim that the Luzerne County Court of Common Pleas lacked jurisdiction would be frivolous on appeal because the crimes to which Simpson pled guilty occurred in Luzerne County.

- 11 -

Our Supreme Court has held unequivocally that "all courts of common pleas have statewide subject matter jurisdiction in all cases arising under the Crimes Code." *See Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). As Simpson was charged in each of the three cases at issue with various offenses under the Crimes Code, the Court of Common Pleas of Luzerne County had subject matter jurisdiction to hear and adjudicate each of those cases.[5] Thus, any challenge to the subject matter jurisdiction of the trial court would be frivolous.

The fourth issue raised in the **Anders** brief concerns the legality of Simpson's sentences. Issues relating to the legality of a sentence are reviewed *de novo,* and our scope of review is plenary. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013). Like jurisdiction, a challenge to the legality of sentence may be raised at any time. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005) (holding that a challenge to the legality of a sentence is never waived so long as a court has jurisdiction to address the claim). Additionally, as explained previously, the entry of a guilty plea does not preclude the defendant from later challenging the legality

_____

[5] We note that counsel appears to conflate subject matter jurisdiction and venue. As explained above, subject matter jurisdiction references the court's power to adjudicate. **Bethea**, 828 A.2d 1074. Venue, on the other hand, addresses the convenience of the locality. **Id**. Venue in a criminal action properly belongs in the place where the crime occurred. **Id**. Thus, **venue** was proper in Luzerne County because Simpson's crimes occurred in that county.

of his sentence. *See Reichle*, 589 A.2d at 1141. Thus, we may address Simpson's challenge to the legality of his sentence.

Counsel concludes that a claim that Simpson's sentence was illegal would be frivolous because the trial court imposed standard range sentences after it reviewed the PSI. We agree.

Based on our review, we conclude that Simpson received a legal sentence in each of his cases. At case 942 of 2015, the trial court imposed a standard range sentence of four to eight years in prison for the robbery conviction. At case 1643 of 2016, the trial court imposed a standard range sentence of four to eight years in prison for the second robbery conviction, and ordered that sentence to run consecutively to the sentence imposed at case 942 of 2015. At case 936 of 2015, the trial court imposed a standard range sentence of three to six years in prison for the possession of firearm prohibited conviction, and ordered that sentence to run concurrently to the sentences imposed at cases 942 of 2015 and 1643 of 2016. *See* Trial Court Opinion, 7/10/20, at unnumbered 3 (noting that "the [c]ourt sentenced [Simpson] with the benefit of a Pre-Sentence Investigation Report, and imposed sentences that fall within the applicable standard sentencing guideline ranges"). Thus, we agree with counsel that any challenge to the legality of his sentences would be frivolous.

Finally, as required by *Anders*, we have independently reviewed the record in order to determine whether there are any non-frivolous issues

present in this case. Our independent review of the record discloses no other non-frivolous issues that Simpson could raise that counsel overlooked. ***See Dempster***, ***supra***.

Having concluded that there are no meritorious issues, we grant ***Anders*** counsel's petition to withdraw, and affirm the judgments of sentence.

Petition to withdraw as counsel granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/17/2021